IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS E. COOPER, | ) | Civ. No. 13-00207 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION TO |
| CHARLES W. HENDERSON, | ) | REMAND |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Dennis E. Cooper's Motion to Remand (Doc. 6).  After careful consideration of the Motion and the supporting and opposing memoranda, the Court FINDS AND RECOMMENDS that this Motion be GRANTED IN PART and DENIED IN PART.  Specifically, the Court recommends that this action be remanded to state court and that Plaintiff's request for attorney's fees be denied.[1]

FACTUAL BACKGROUND

On September 9, 2005, Defendant Charles W. Henderson executed and delivered to Plaintiff two promissory notes, each in the principal amount of $1,300,000.  (Complaint at 2 & Exs. A, C.)  Defendant secured each promissory

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

note with a first and second mortgage, respectively, on real property located in Kihei, Hawaii.  (Complaint at Exs. B, D.)  In each promissory note, Defendant asserts that he is "a resident of Georgia"; and in each mortgage, Defendant states that his "address is 2900 Paces Ferry Road, D-2, Atlanta, Georgia 30339."  (Complaint at Exs. A-D.)

Pursuant to their terms, the promissory notes matured on September 1, 2012, and Defendant became obligated to pay the entire amount due under each note.  (Complaint at 3, Exs. A, C.)  Plaintiff demanded payment of the sums due but alleges that Defendant "has failed, neglected and refused and still fails, neglects and refuses to pay the same."  (Complaint at 3.)  Consequently, on December 10, 2012, Plaintiff filed this action in state court, seeking to foreclose on the mortgages.

On April 29, 2013, Defendant removed this action to federal court, asserting that this Court has diversity jurisdiction over the case.  Plaintiff now seeks remand of the case, arguing that complete diversity is lacking and the forum defendant rule applies.

DISCUSSION

I.      Diversity Jurisdiction

A civil action filed in state court may be removed to federal district court only if the action could have brought in the federal district court originally. 28 U.S.C. § 1441(a) and (b); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship.  28 U.S.C. § 1332(a)(1); Matheson, 319 F.3d at 1090.  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

With respect to Plaintiff's citizenship for purposes of diversity jurisdiction, it is undisputed that Plaintiff is a resident of Georgia.  (Complaint ¶ 1 ("Plaintiff is a resident of Georgia."); Notice of Removal ¶ 3 ("Dennis E. Cooper is a resident of Georgia.")  With respect to Defendant's citizenship, Defendant argues that his citizenship changed since this case was filed.  According to Defendant:

> At the time the State Court action was filed, served and
> the arguments against service were made Defendant did
> consider himself a citizen of the State of Georgia.  It was

after these proceedings that Defendant decided to move to the State of Hawaii.

(Opp. at 3.) Now, Defendant considers himself to be a citizen of Hawaii for purposes of diversity jurisdiction. (Henderson Decl'n ¶¶ 3-9 (stating his "intention to remain in the state").)

In determining the citizenship of parties for purposes of diversity jurisdiction, the Court relies on citizenship "as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) ("the core principle of federal removal jurisdiction on the basis of diversity [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected"). In his opposition, Defendant alleges that he was a citizen of Georgia at the time the Complaint was filed, but that he thereafter became a citizen of Hawaii. Defendant does not specify when his citizenship changed and, therefore, the Court cannot determine Defendant's citizenship at the time "removal [was] effected." However, the Court need not determine when Defendant's citizenship changed because, under either citizenship, remand is proper.

If the Court considers Defendant to be a citizen of Georgia, the parties are not completely diverse, as it is undisputed that Plaintiff is also a citizen of Georgia. Morris, 236 F.3d at 1067 ("Section 1332 requires complete diversity of

citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Without complete diversity, the Court lacks diversity jurisdiction over this case and remand is proper. If, on the other hand, the Court considers Defendant to be a citizen of Hawaii, removal of this case was improper under the forum defendant rule.

   The forum defendant rule is a procedural rule codified in 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006). This rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Id. Therefore, if the Court considers Defendant to be a citizen of Hawaii, which is the forum state in this case, removal was improper under the forum defendant rule and remand is warranted. Bank of N.Y. Mellon v. Cruz, CV. NO. 12-0445 HG-BMK, 2012 WL 5493995, at *1 (D. Haw. Oct. 2, 2012) ("Given that Defendants removed the present action to this Court on the basis of diversity of citizenship, yet are citizens of Hawai'i, the Court concludes that removal was improper under the forum defendant rule."); see also 28 U.S.C. § 1441(b)(2).

In sum, regardless of whether the Court considers Defendant to be a citizen of Georgia or Hawaii, the Court finds that remand is proper under either citizenship. If he is a citizen of Georgia, complete diversity is lacking. If he is a citizen of Hawaii, the forum defendant rule applies. Consequently, the Court finds and recommends that this case be remanded to state court.

II.     Attorney's Fees

Plaintiff requests that this Court award him attorney's fees and costs incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). Section 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)) (quotations omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

In this case, Defendant removed the case under diversity jurisdiction because his citizenship changed from Georgia to Hawaii. Although the Court

ultimately finds that remand is warranted under the forum defendant rule, Defendant correctly argues that this rule is waivable. Therefore, if Defendant proved that he was a citizen of Hawaii since the time of removal and Plaintiff waived that procedural defect, the case could remain in this Court. Unfortunately for Defendant, Plaintiff did not waive the forum defendant rule and instead raised it in the present Motion. Nevertheless, Defendant had an objectively reasonable basis for seeking removal of this case, and thus, this Court declines to award Plaintiff attorney's fees and costs incurred as a result of the removal.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that this action be remanded to state court and that Plaintiff's request for attorney's fees be denied.

DATED: Honolulu, Hawaii, June 18, 2013.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 18, 2013

Cooper v. Henderson, Civ. No. 13-00207 SOM-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND.